UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

LARRY JORDAN,

        Defendant.

Case No. 21-cr-0189-bhl

## ORDER

On May 31, 2005, Defendant Larry Jordan was initially sentenced to 262 months imprisonment and ten years supervised release in the Southern District of Illinois after pleading guilty to conspiracy to distribute cocaine base. (ECF No. 3-3.) Based on reductions to the crack cocaine guideline through Amendment 782 and the First Step Act, on July 1, 2020, Jordan's sentenced was reduced to time served and six years of supervised release. (ECF No. 3-5.) On August 9, 2021, the Southern District of Illinois transferred jurisdiction of the case (Case No. 03-cr-40053) to the Eastern District of Wisconsin. (ECF No. 1.) On September 9, 2021, pursuant to 18 U.S.C. §3605, this Court accepted and assumed jurisdiction of the case (Case No. 21-cr-0189). (ECF No. 2.) Jordan has been on supervised release since July 2, 2020 and is due to be discharged on July 1, 2026. On February 8, 2023, Jordan filed a *pro se* motion for early termination of supervised release and motion to appoint counsel. (ECF No. 5). The Court ordered the government and probation to respond to Jordan's motion on or before February 27, 2023. Both responded by opposing the motion and recommending it be denied.

Pursuant to 18 U.S.C. § 3583(e)(1), a district court may terminate a term of supervised release if (1) the defendant has completed at least one year of supervision; (2) the government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). *See United States v. Mitchell,* No. 03–CR–194, 2013 WL 4763966, at *1 (E.D. Wis. Sept. 4, 2013) (citing *United States v. Medina,* 17 F.Supp.2d 245, 245-46 (S.D.N.Y.1998)). The defendant bears

the burden of demonstrating that early termination is justified. *Id.* Under most circumstances, early termination is granted when the defendant demonstrates that new or unforeseen circumstances make the original term greater than necessary, that his behavior has been exceptionally good, or that continued supervision may impede his rehabilitation. *See United States v. White,* No. 06–CR–50, 2012 WL 5198364, at *2 (E.D. Wis. Oct. 19, 2012) (collecting cases). Merely following the rules is insufficient to justify early termination.

Jordan argues that early termination is justified because he has maintained consistent employment, obtained his own residence, earned his CDL license, is seeking to start his own tailoring business, and has had no infractions while on supervised release. (ECF No. 5 at 2.) Jordan recently obtained a United States Passport. Probation confirmed Jordan's representations but also noted that Jordan's adjustment to supervision initially presented some challenges. (ECF No. 8 at 2.) It appears that Jordan left the district to attend his sister's funeral without permission (which Probation noted would have been approved if he had asked) and changed travel plans from Jamaica to Las Vegas without permission. (*Id.*) Probation, however, stated that it will review Jordan's case in one year to determine whether an early termination is appropriate at that time. (*Id.* at 4.)

The record confirms that Jordan satisfies the first two criteria for early termination of his supervised release. He has completed more than one year on supervision and notice has been provided to the government. The dispositive issue is therefore whether termination would be in the interest of justice.

Jordan has not carried his burden on this third requirement. He has not presented evidence of new or unforeseen circumstances warranting a reduction in the sentence initially imposed upon him. Nor does the record convince the Court that his behavior has been so exceptionally good that early termination of his supervised release is appropriate. The Court commends Jordan for complying with the conditions of his supervised release, but basic compliance is not enough. The Court expects and requires those on supervision to follow the rules, maintain consistent gainful employment, abstain from illegal drug use and support their families. While Jordan's behavior since his release from prison has been pro-social and stable, his efforts do not rise to the level of being extraordinary. Last, Jordan has also not shown that supervision unfairly interferes with his rehabilitation or entrepreneurial goals. If all goes as planned, Jordan will complete his sentence

and be released from supervised release on July 1, 2026. He has not shown extraordinary circumstances that would justify moving that date forward.

The Court finds that the pertinent Section 3553(a) factors support continued supervision. Jordan has eighteen arrests which resulted in two felony drug convictions and one misdemeanor domestic battery conviction. Although Jordan has been successful on supervised release over the last two years, his long criminal history coupled with the limited intrusion of supervision necessitates that he remains on supervised release to address the seriousness of his offense and promote respect for the law.

Jordan also has a pending motion for the appointment of counsel. The Criminal Justice Act requires that the Court must appoint counsel for an indigent criminal defendant when the sixth amendment so requires, *see* 18 U.S.C. §3006A(a)(1)(H) as well as other conditions not implicated here and may appoint counsel to pursue relief under 28 U.S.C. §§2241, 2254, or 2255, *see id.* at §3006A(a)(2)(B), but neither subparagraph applies to a motion under 18 U.S.C. §3583. Jordan's motion is not part of a criminal prosecution or a form of collateral attack, so he is not entitled to receive counsel at public expense. Moreover, Jordan has not provided the Court any reason to appoint counsel and he has adequately advocated his position without the assistance of counsel. Therefore, Jordan's motion for appointment of counsel will be denied.

Accordingly, **IT IS ORDERED** that Defendant's Motion for Early Termination of Supervised Release and Motion to Appoint Counsel (ECF No. 5) is **DENIED**.

Dated at Milwaukee, Wisconsin on April 3, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge