UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

LARRY JORDAN,

        Defendant.

Case No. 21-cr-0189-bhl

## ORDER

On May 31, 2005, Defendant Larry Jordan was initially sentenced to 262 months imprisonment and ten years supervised release in the Southern District of Illinois after pleading guilty to conspiracy to distribute cocaine base. (ECF No. 3-3.) Based on reductions to the crack cocaine guideline through Amendment 782 and the First Step Act, on July 1, 2020, Jordan's sentenced was reduced to time served and six years of supervised release. (ECF No. 3-5.) On August 9, 2021, the Southern District of Illinois transferred jurisdiction of the case (Case No. 03-cr-40053) to the Eastern District of Wisconsin. (ECF No. 1.) On September 9, 2021, pursuant to 18 U.S.C. §3605, this Court accepted and assumed jurisdiction of the case (Case No. 21-cr-0189). (ECF No. 2.)

Jordan has been on supervised release since July 2, 2020 and is due to be discharged on July 1, 2026. On February 8, 2023, Jordan filed a *pro se* motion for early termination of supervised release and motion to appoint counsel. (ECF No. 5.) The Court ordered the government and probation to respond to Jordan's motion for early termination of supervised release and both responded by opposing the motion and recommending it be denied. (ECF Nos. 7 & 8.) On April 3, 2023, the Court denied Jordan's motions. (ECF No. 9.) On September 26, 2025, Jordan filed a second motion for early termination of supervised release and the Court ordered the government and probation to respond. This time both the government and probation do not object to early termination, effectively allowing Jordon to be discharged from supervision approximately nine months early. For the following reasons, the Court will grant Jordan's motion.

Pursuant to 18 U.S.C. § 3583(e)(1), a district court may terminate a term of supervised release if (1) the defendant has completed at least one year of supervision; (2) the government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). *See United States v. Mitchell,* No. 03–CR–194, 2013 WL 4763966, at *1 (E.D. Wis. Sept. 4, 2013) (citing *United States v. Medina,* 17 F.Supp.2d 245, 245-46 (S.D.N.Y.1998).). According to the U.S. Probation Guide Volume 8 Part E, there is a presumption in favor of recommending early termination for supervised releasees who have been under supervision for at least 18 months, if they do not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) and have not committed a sex offense or engaged in terrorism. (ECF No. 14 at 2.) Additionally, the person requesting early termination must: present no identified risk of harm to the public or victims; be free from any court-reported violations over a 12-month period; demonstrate the ability to lawfully self-manage beyond the period of supervision; be in substantial compliance with all conditions of supervision; and show they are engaged in appropriate prosocial activities and that they receive sufficient prosocial support to remain lawful well beyond the period of supervision. (*Id.*)

In review of these criteria outlined in the Probation Guide, Jordan has been on supervised release since July 2, 2020, well beyond 18 months. He does not meet the criteria of a career drug offender or career criminal and has not committed a sex offense or engaged in terrorism. According to probation, he presents no identifiable risk of harm to others and has been compliant with conditions of supervision and demonstrates an ability to lawfully self-manage. (*Id.* at 3.) Probation also reports that Jordan has established his own residence, maintained steady employment, often working more than one job at a time, and submitted negative drug tests. (*Id.* at 2.) Jordan has already completed more than five years of supervised release and has demonstrated that he can lead a law-abiding lifestyle. Both the government and probation do not oppose his request. (ECF No. 13 at 2; ECF No. 14 at 3.)

The pertinent Section 3553(a) factors also support an early release from supervision. Jordan appears to have developed a respect for the law, does not appear to pose any threat or danger to the community, and has consistently been employed and therefore is a contributing member to his community with less than one year remaining of his six-year term of supervision.

Accordingly,

**IT IS ORDERED** that Defendant Larry Jordan's Motion for Early Termination of Supervised Release, ECF No.10, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant is discharged from supervision and the proceedings in this case are terminated.

Dated at Milwaukee, Wisconsin on October 15, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge